UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa F.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-2981

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Lisa F. ("Plaintiff") objects to the Report and Recommendation ("R&R") that Magistrate Judge Jolson issued, ECF No. 11, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security. Obj., ECF No. 12. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

In 2011, Plaintiff applied for Social Security Income ("SSI") and Disability Insurance Benefits; after a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision in 2014 (the "2014 Decision"). Admin. Record 84–103, ECF No. 6-3.

Several years later, Plaintiff filed the application for SSI that is at issue in this case. Admin. Record 283–96, ECF No. 6-5. That application was denied initially and upon reconsideration. Admin. Record 108–20, ECF No. 6-3.

An administrative law judge ("ALJ") held a hearing and issued a decision finding that Plaintiff was not disabled. Admin. Record 14–83, ECF No. 6-2. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner of Social Security. *Id.* at 1–13.

Plaintiff sued in this Court, challenging the Commissioner's decision. Compl., ECF No. 1. Upon consideration of Plaintiff's statement of specific errors, the Commissioner's response, and Plaintiff's reply, Magistrate Judge Jolson issued an R&R recommending the Court affirm the Commissioner's decision. ECF No. 11. Plaintiff objects to that R&R. ECF No. 12.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to. The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III.   ANALYSIS

Plaintiff raises only one objection. In Plaintiff's view, the ALJ used the incorrect legal standard when considering the 2014 Decision.

As the R&R correctly lays out, two Sixth Circuit decisions are relevant to this issue. First, in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that if "the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by

this determination absent changed circumstances." *Id.* at 842 (citing cases). Recently, however, the Sixth Circuit clarified *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the Sixth Circuit explained that, even if there is a prior disability determination for a certain period of time, if a person applies for benefits for a *different* period of time, that application is entitled to a "[f]resh review." *Id.* at 932–34. However, *Earley* explained that an ALJ may still "consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* at 934.

Plaintiff argues that the ALJ erred because he discussed the *Drummond* standard (and related administrative ruling), but not the *Earley* standard. According to Plaintiff, this mistake imposed another procedural hurdle on Plaintiff.

The ALJ discussed *Drummond* and the 2014 Decision as follows:

> In the case of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), the court held that absent evidence of an improvement in a claimant's condition, a subsequent Administrative Law Judge is bound by the findings of a previous Administrative Law Judge (see also *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) (holding prior findings concerning work experience, past relevant work requirements, education level, and age to be given preclusive effect)). In accordance with Acquiescence Ruling 98-4(6), adjudicators must adopt a finding required at a step in the sequential evaluation process and made by an Administrative Law Judge or the Appeals Council in a final decision on a prior claim, unless there is new and material evidence relating to such a finding or there has been a change in the law. I do not adopt the prior decision due to the decision being too remote in time (November 2014) and new and material evidence in connection with the current claim supports the above residual functional capacity.

Admin. Record 28, ECF No. 6-2.

As far as it goes, Plaintiff is correct that the ALJ discussed *Drummond* and did not mention *Earley*. However, this Court has repeatedly explained that although "citation to *Drummond* without *Earley* raises a yellow flag, the ultimate question is whether the ALJ freshly reviewed the evidence." *Mark D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-58, 2023 WL 312795, at *5 (S.D. Ohio Jan. 19, 2023), *report and recommendation adopted sub nom. Mark D. v. Comm'r of the Soc. Sec. Admin.*, No. 3:22-CV-58, 2023 WL 2479792 (S.D. Ohio Mar. 10, 2023); *see also Dennis D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-202, 2023 WL 2943822, at *5 (S.D. Ohio Apr. 14, 2023), *report and recommendation adopted sub nom. Dennis D. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-00202, 2023 WL 3979215 (S.D. Ohio June 13, 2023) (same) (citing cases).

Here, the ALJ expressly refused to adopt the 2014 Decision, both in the written decision and during the hearing. Admin. Record 28, 38 ECF No. 6-2 (explaining, during the hearing, that the 2014 Decision does "not bind [the ALJ] in any way. We start all over."). Further, throughout the written decision, the ALJ reviewed the evidence and hearing testimony in detail and without relying on the 2014 Decision. *Id.* at 14–35. Thus, although the ALJ did not mention *Earley*, "the ALJ followed the precepts in [*Earley*] by finding that new evidence undermined [the 2014 Decision]." *Parsons v. Comm'r of Soc. Sec.*, No. 2:20-CV-2594, 2021 WL 1015910, at *7 (S.D. Ohio Mar. 17, 2021). Accordingly, the ALJ's decision conforms with *Earley*. *See Dennis D. v. Commissioner of Social*

*Security*, No. 23-3667, 2024 WL 1193662, at *4 (6th Cir. Mar. 20, 2024) (explaining that, even though the ALJ incorrectly said a prior decision was "binding," the ALJ performed "an in-depth review and analysis of new evidence," which conforms with *Earley*).

In sum, the ALJ gave Plaintiff's application the required "fresh look" and committed no reversible error.

### IV. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**